IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEWAYNE J. BURNS, :
    Plaintiff, :
     :
v. : CIVIL ACTION NO. 19-CV-0628
     :
G.W.H.C.F., :
    Defendant. :

## MEMORANDUM

MCHUGH, J.                                                                            FEBRUARY 15, 2019

*Pro se* Plaintiff Dewayne J. Burns has filed this civil action pursuant to 42 U.S.C. § 1983 against the George W. Hill Correctional Facility ("GWHCF"), raising claims regarding conditions of confinement during his recent incarceration there. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Burns leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    FACTS

The Complaint suggests that Burns was incarcerated at the GWHCF from August to September of 2018. (Compl. at 5.)[1] During portions of this time, he was assigned to a cell with two (2) other men. (*Id.*) Burns also alleges that he was without water and heat for three (3) days. (*Id.* at 4-5.) He suggests that he and his cellmates "got into a lot of arguing and fights," and that he could not use the toilet "without someone watching." (*Id.* at 6.) As relief, Burns asks to "[separate] inmates [and for] someone to discuss problems [with]." (*Id.* at 6.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Burns leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Burns is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Burns's Complaint fails to state a claim for relief at this time.

### A. Discussion of the Named Defendant

Burns has named the GWHCF as the only Defendant in this matter. However, his claims against the GWHCF must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-

2

1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). For that reason alone, Burns's Complaint is subject to dismissal. Burns's claims suffer from other deficiencies, which the Court addresses below.

      **B.**      **Additional Deficiencies**

Burns takes issues with various conditions at the GWHCF. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Burns's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g.*, *Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Burns first takes issue with the fact that he was assigned to a cell with two (2) other individuals. Housing multiple inmates in a cell, however, does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Burns has not established a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Thus, Burns's Complaint fails to state a claim with respect to his allegations of overcrowding.

Burns also suggests that he was without water and heat for three (3) days during his incarceration at the GWHCF. While being deprived of running water and being made to endure extreme temperatures can rise to the level of a deprivation of a basic human need, *see Banks v.*

*Mozingo*, 423 F. App'x 123, 127-28 (3d Cir. 2011) (listing running water among life's basic necessities, the deprivation of which could give rise to an Eighth Amendment violation); *Shelby Cty. Jail Inmates v. Westlake*, 798 F.2d 1085, 1087 (7th Cir. 1986) (noting that inmates "have a right to . . . be free from extreme hot and cold temperatures"), the Complaint fails to plausibly allege that these conditions amounted to punishment or deprived Burns of any basic human needs for a significant period of time. Burns has provided no facts suggesting that he did not have any alternate access to water or other fluids, and has not indicated how he was impacted from the lack of heat. *See, e.g.*, *Deputy v. Taylor*, No. 02-183, 2003 WL 361216, at *3 (D. Del. Feb. 19, 2003) (noting that "[o]nly in the most extreme cases does the lack of heat rise to the level of a constitutional violation"); *Castro v. Chesney*, No. CIV. A. 97-4983, 1998 WL 767467, at *9-10 (E.D. Pa. Nov. 3, 1998) (noting that "[t]he mere fact that the water in Plaintiff's cell was turned off for a period of days, without more, . . . is not sufficient to rise to the level of a constitutional violation" and that general allegations regarding the lack of heat were insufficient to give rise to a constitutional violation).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Burns leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Burns's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

/s/ Gerald Austin McHugh

**United States District Judge**